Judge Underwood
delivered the opinion of theLCourt.
Two executions in favor of M'Murtry, against the plaintiff in error and Joseph Davidson, were levied on a tract of land owned by the plaintiff The entire tract was sold by the sheriff on the da/of sale, and purchased by the defendant Ellington, at the price of $666 66, The amount of both executions, on the day of sale, was a few cents more than $>480, including all costs and commissions.
Davidson notified M’Murtry and Ellington, (the last being the equitable owner of the execution,) that he would move the court, from whose clerk’s office the executions issued, and within the jurisdiction of which, the land lay, on a named day, to quash the sale. The motion was made and overruled, the opinion of the court excepted to, and all the facts spread on record.
It is a plain case. The sale was clearly contrary to law. The sheriff could not legally sell more of the land than was sufficient to discharge the amount of the executions, costs and commissions. The sheriff should, in the first instance, have offered the land for sale in the manner which the plaintiff in error, who owned it, might direct. If it would not sell to pay the executions according to. the plaintiff’s directions, the sheriff should then have offered it to suit his own views, taking care to conduct the sale fairly, and to sell no more than would bring the debts, costs and commissions.
It is contended that Joseph Davidson should have been made a party to the motion. We perceive no necessity for doing so. He neither gained of lost by the sale, nor does it appear that he wiUloose, in case the sale is set aside. The presumption is, that he will not, for the only effect that setting aside the sale can have, will be to subject the land to sale again, and it is fair to presume that it will yet br&g the amount of the executions. It may be, for aught we know from the record, that the burden of the debts should fall on him,
McConnell) for plaintiff; Hoggin, for defendant.
Judgment reversed, and cause remanded, with directions to the circuit court, to render judgment quashing and setting aside the sale.:
The plaintiff in error must recover his costs.